JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Jamie Rossen appeals from the sentence imposed following his guilty plea to carrying a concealed weapon, vandalism, burglary, and other charges. For the reasons set forth below, we affirm.
 {¶ 2} On January 20, 2004, defendant was indicted in Case No. 447392 for one count of carrying a concealed weapon. On April 8, 2004, he was indicted in Case No. 450682 pursuant to a fourteen count indictment which charged him with three counts of vandalism, two counts of burglary, seven counts of intimidation, assault on a peace officer, and harassment of an inmate. On April 15, 2004, defendant was indicted in Case No. 450939 for carrying a concealed weapon, drug trafficking with a firearm specification, possession of criminal tools, and falsification.
 {¶ 3} On May 28, 2004, defendant entered guilty pleas in all three matters. In Case No. 447392, defendant pled to the charge of carrying a concealed weapon. In Case No. 450682, defendant pled to two counts of vandalism, one count of burglary, harassment of an inmate, assault on a peace officer, and one count of intimidation. In Case No. 450939, defendant pled guilty to one count of carrying a concealed weapon and one count of drug trafficking.
 {¶ 4} The trial court held a sentencing hearing in the matters on June 29, 2004. The court sentenced defendant to a four-year term of incarceration for intimidation, seventeen months incarceration for assault on a peace officer, and five years of community control for the remaining offenses.
 {¶ 5} Defendant now appeals and assigns two errors for our review. Defendant's first assignment of error states:
 {¶ 6} "The sentence imposed by the trial court violates Appellant's Sixth Amendment right to a trial by jury."
 {¶ 7} Within this assignment of error, defendant contends that the trial court erred in imposing a sentence which exceeded the minimum sentence for a first-time offender because this finding was predicated upon the court's findings which were neither admitted by defendant nor found by a jury.
 {¶ 8} Intimidation is a felony of the third degree. R.C. 2921.03(B). As such, it carries a possible sentence of one, two, three, four or five years imprisonment. R.C. 2929.14(A)(3). When imposing a prison sentence on someone who has not previously been incarcerated, a trial court is required to impose the minimum sentence unless it finds on the record "that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Id. at (B)(2).
 {¶ 9} In State v. Atkins-Boozer (May 31, 2005), Cuyahoga App. No. 84151, en banc, this Court determined that the trial court did contravene the pronouncements set forth in Blakely v. Washington (2004),124 S.Ct. 2531, 159 L.Ed.2d 403, when it made findings of fact in support of a sentence exceeding the statutory minimum for a first-time offender then imposed a sentence within the statutory range. Accordingly, having decided this issue, this court will be consistent so long asAtkins-Boozer, supra, remains good law.
 {¶ 10} We further note that in this matter, the trial court stated as follows:
 {¶ 11} "On Counts five and counts eight — I'm sorry, count seven, Mr. Swanson, I have exceeded the minimum to which he'd be presumed entitled as a first-time offender and I've exceeded that because I find both that the shortest prison term would demean the seriousness of Mr. Rossen's conduct and that it will not adequately protect the public from future crime by Mr. Rossen or others who are of a like mind." (Tr. 36).
 {¶ 12} Applying the foregoing, we conclude that the trial court did not err in imposing the sentence in this matter. The assignment of error is overruled.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Kilbane, J., concur.